IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOSEPH BREELAND, | ) | |
| Plaintiff, | ) | C.A. No. 11-148 Erie |
| | ) | |
| v. | ) | Chief District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| SGT SISSEM, | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that:

1. Plaintiff's motion for summary judgment [ECF No. 24] be denied; and

2. Defendants' motion for summary judgment [ECF No. 43] be denied.

**II.    REPORT**

**A.    Relevant Procedural and Factual History**

Plaintiff Joseph Breeland, a prisoner formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"),[1] brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Sgt. Sissem, a corrections officer at SCI-Albion. In his *pro se* complaint, Plaintiff claims that Defendant used excessive force against him in violation of his rights under the eighth amendment to the United States Constitution. In

---

[1] Plaintiff is presently incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania. [ECF No. 17]

particular, Plaintiff alleges that on September 7, 2010, Defendant grabbed him by the back of the neck, pushed him "forcefully" into the Restricted Housing Unit ("RHU") exercise cage fence, and grabbed him by the penis and testicles stating, "What the fuck you wanna do?" Then, after Defendant escorted Plaintiff from the exercise cage to a strip cage in the RHU, Plaintiff alleges that Defendant put his fist into Plaintiff's jaw outside of the strip cage, causing Plaintiff's jaw to smack against the wall. As relief for his claims, Plaintiff seeks monetary damages.

Defendant filed an Answer to Plaintiff's complaint on August 13, 2012. [ECF No. 16]. On October 4, 2012, Plaintiff filed a motion for summary judgment [ECF No. 24]; however, the motion is not dispositive in nature, as Plaintiff mistakenly requests that the court "grant summary judgment on his part and set a trial date." The parties subsequently completed discovery and Defendant has since filed a motion for summary judgment [ECF No. 43] based entirely upon the content of videotape evidence recorded on five DVD's Defendant submitted with his motion. Plaintiff has filed a brief in opposition to Defendant's motion [ECF No. 48] refuting the videotape evidence offered by Defendant. This matter is now ripe for consideration.

### B. Standards of Review
#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has

failed to present any genuine issues of material fact. Fed.R.Civ.P. 56(c). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute

about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

"In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) 'the need for the application of force;' (2) 'the relationship between the need and the amount of force that was used;' (3) 'the extent of injury inflicted;' (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them;' and (5) 'any efforts made to temper the severity of a forceful response.'" Brooks v. Kyler,

204 F.3d 102, 106 (3d Cir. 2000), quoting Whitley, 475 U.S. at 321. The central question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Moreover, "a showing of 'significant' or 'serious' injury is not necessary to make an Eighth Amendment claim." Brooks, 204 F.3d at 107, quoting Hudson, 503 U.S. at 8.

Here, in defense of Plaintiff's claim that he used excessive force, Defendant argues that "video evidence conclusively proves that the Defendant did not push Plaintiff's face into a fence," "did not sexually assault Plaintiff" and used "the minimal amount of force... outside the RHU strip cage room... in a good faith effort to keep Plaintiff from spitting on the Defendant." (ECF No. 44, Defendant's Brief, at pp. 2-3).

After intensely viewing the video evidence of record, however, the Court does not share Defendant's view as to its conclusiveness. In particular, the DVD recordings of the alleged incidents inside the RHU's security cage are far from definitive because: (i) the incidents occurred at a distance from the security camera; (ii) the viewing angle of the camera prevents the viewer from seeing what may have occurred on Plaintiff's left side, which is the side from which Plaintiff claims Defendant reached around and grabbed his genitalia; (iii) the viewing angle is partially obscured by the presence of another officer at the scene; and (iv) there is no audio feed capturing any verbal exchange between the parties. Although the brevity and seeming innocuousness of the encounter between Defendant and Plaintiff lend credence to Defendant's argument that no excessive force was used, the Court cannot conclude from the video footage alone that no constitutional violation took place, as a matter of law.

As for Plaintiff's allegation that Defendant used excessive force against him outside the strip cage in the RHU, this alleged incident was recorded on a handheld device, which does contain an audio feed. The video captures Defendant holding Plaintiff against the wall with his closed fist in Plaintiff's jaw to keep Plaintiff from turning his head, but does not contain prior footage showing how or why Plaintiff was placed in that position. It is apparent from the audio

feed that Plaintiff was clearing his throat with the possible intent of gathering saliva in his mouth to spit at the officer, as Defendant claims; however, this is not a certainty. Even less certain is whether the force applied by Defendant was the minimum amount necessary to ensure that Plaintiff did not spit on an officer, because the initial force that may have been used to restrain Plaintiff against the wall is not captured on video. In short, the video evidence alone does not conclusively prove, as a matter of law, that Defendant did not use excessive force against Plaintiff.

It is worth noting that, in addition to the video evidence contained on the DVD's, Defendant also submitted with his motion the written reports that were prepared in connection with SCI-Albion's investigation of the alleged incidents. [ECF No. 46-1]. To the extent Defendant may be relying upon these reports as additional evidentiary support for his motion, the Court notes that unsworn incident and investigative reports fail to meet the requirement of supporting affidavits under Rule 56 of the Federal Rules of Civil Procedure. See Small v. Lehman, 98 F.3d 762, 764 n. 5 (3d Cir. 1996), citing Adickes v. S.H.Kress & Co., 398 U.S. 144, 158 n. 17 (1970)("Rule 56 of the Federal Rules of Civil Procedure states that motions for and in opposition to summary judgment may be supported by affidavits; unsworn statements ... fail to meet the requirement").

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. Plaintiff's motion for summary judgment [ECF No. 24] be denied; and
2. Defendants' motion for summary judgment [ECF No. 43] be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P.

72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u><br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: May<u>14</u>, 2013

cc:  The Honorable Sean J. McLaughlin
      Chief United States District Judge